# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHEENA CASTELANELLI,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,[1]

Defendant.

Case No. 2:26-cv-01316-SKO

ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT

(Doc. 1)

## I. INTRODUCTION

Plaintiff Sheena Castelanelli ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her applications for disability insurance benefits (DIB) and Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

## II. BACKGROUND

Plaintiff protectively filed claims for DIB and SSI payments on April 28, 2023, and April 29, 2023, respectively. (Administrative Record ("AR") 17, 57, 61, 66, 72.) In both applications, Plaintiff alleges she became disabled on December 28, 2022, due to hypertension and a heart

[1] On May 6, 2025, Frank Bisignano was appointed the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/news/press/releases/2025/#2025-05-07. He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 8.) On September 9, 2026, this case was reassigned to the undersigned. (*See* Doc. 13.)

problem. (AR 17, 23, 57, 61, 66, 72, 258.)

Plaintiff was born in 1959 and was 63 years old on the alleged disability onset date. (AR 25, 57, 61, 66, 72.) She has at least a high school education and previously worked as a deli clerk at a grocery store. (AR 25, 259.)

**A. Administrative Proceedings**

The Commissioner denied Plaintiff's applications for benefits initially on August 15, 2023, and again on reconsideration on August 27, 2024. (AR 17, 90–109, 115–30.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (AR 131–75.) The ALJ conducted a telephonic hearing on April 2, 2025. (AR 32–55.) Plaintiff appeared at the hearing with her attorney and testified as to her alleged disabling conditions and work history. (AR 38–48.) A Vocational Expert (VE) also testified at the hearing. (AR 48–54.)

**B. The ALJ's Decision**

In a decision dated April 8, 2025, the ALJ found that Plaintiff was not disabled, as defined by the Act, during the relevant period. (AR 17–27.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 19–27.) The ALJ decided that Plaintiff met the insured status requirements of the Act through June 30, 2026, and she had not engaged in substantial gainful activity since December 28, 2022, the alleged onset date (step one). (AR 19–20.) At step two, the ALJ found the following impairments severe: emphysema, asthma, and hiatal hernia. (AR 20–21.) The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 21–22.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[3] and applied the assessment at steps four and five. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("Before we go

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

> to perform medium work as defined in 20 CFR [§§] 404.1567(c) and 416.967(c) except [Plaintiff] can occasionally tolerate exposure to humidity and wetness; can occasionally tolerate exposure to dust, odors, fumes, and pulmonary irritants; can never tolerate exposure to extreme cold; and can never tolerate exposure to extreme heat.

(AR 22–24.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 23.)

Based on the RFC assessment, the ALJ determined that Plaintiff could perform her past relevant work as a short order cook (step 4). (AR 25.) The ALJ also made the alternative finding that Plaintiff could perform a significant number of other jobs in the national economy (step five). (AR 25–26.) The ALJ concluded Plaintiff was not disabled from December 28, 2022, through the date of the decision. (AR 27.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on February 10, 2026. (AR 1–6.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481.

## III. LEGAL STANDARD

### A. Applicable Law

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B. Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154

(9th Cir. 2020).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV. DISCUSSION

Plaintiff asserts that the RFC was not supported by substantial evidence because 1) the ALJ independently interpreted medical records without the aid of a medical expert rather than further developing the record; and 2) that the ALJ failed to offer clear and convincing reasons for rejecting Plaintiff's subjective symptom complaints. (Docs. 10, 12.) The Court agrees that that the ALJ's RFC determination lacks the support of substantial evidence and will remand for further proceedings on that basis.

**A. The ALJ's RFC Determination is Not Supported by Substantial Evidence**

An RFC is the most a claimant can do despite their limitations and is based upon all relevant evidence in the record, including medical records, medical source statements, and symptom testimony. 20 C.F.R. §§ 404.1545(a)(1)–(3), 416.945(a)(1)–(3); *Shafer v. Barnhart*, 120 F. Appx. 688, 698 (9th Cir. 2005). It is the ALJ's responsibility to make the RFC assessment and to translate the medical evidence into the RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c); *Rounds v. Comm'r SSA*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). Indeed, the ALJ's RFC determination need not mirror any particular provider's opinion. *See e.g.*, *Petrini v. Berryhill*, 705 F. App'x. 511, 512 (9th Cir. 2017).

In this case, the State agency medical consultants found that there was "insufficient evidence" to evaluate Plaintiff's impairments because "no medical evidence was in the file" and Plaintiff "ha[d] not returned forms for further development." (AR 24, 59, 63, 67, 73.) The ALJ considered these statements but found they were not persuasive because later received evidence was "consistent with a finding [Plaintiff] has exertional and environmental limitations."[4] (AR 24 (citing AR 327, 332, 336–37).)

In an appeal disability report submitted with her request for hearing, Plaintiff's representative stated that "[d]ue to limited medical records, [Plaintiff] requires a consultative examination."[5] (AR 278.) It does not appear that any such evaluation or examination was ever conducted, and there was no other opinion evidence of Plaintiff's functioning in the record. Thus, the ALJ's RFC determination that Plaintiff's has "various impairments, such as emphysema, asthma, and hiatal hernia" that are accounted for by a "limitation to work at the medium level with additional environmental limitations" (AR 24), appears to have been based solely on the ALJ's review of the medical evidence and Plaintiff' subjective complaints, which is improper. The ALJ was not

[4] Under the regulations regarding the evaluation of medical evidence, the ALJ must evaluate the "persuasiveness" of a medical opinion by considering the following factors: supportability, consistency, treatment relationship, specialization, and "other factors." 20 C.F.R. §§ 404.1520c, 416.920c.

[5] The Commissioner asserts that Plaintiff waived her contention that the ALJ had a duty had a develop the record to obtain opinion evidence "by failing to raise it with the ALJ." (Doc. 11 at 12.) The record shows, however, that Plaintiff ***did*** raise the issue at the hearing level and thus did not waive any argument in this regard. *Cf. Espinoza v. Comm'r of Soc. Sec.*, No. 1:23-CV-1499-JLT-BAM, 2025 WL 553436, at *3 (E.D. Cal. Feb. 19, 2025) ("[T]he weight of authority finds that a claimant waives the challenge to the development of the record or the need for a consultative examination by failing to raise the issue before the ALJ.") (collecting cases).

qualified to translate the evidence into functional limitations and engage in their "own exploration and assessment" of Plaintiff's impairments. *See McAnally v. Berryhill*, Case No.: 3:18-cv-02272-GPC-RNB, 2020 WL 1443734, at *7 (S.D. Cal. Mar. 25, 2020) (quoting *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)).

The Commissioner is correct that the RFC "is an administrative finding by the ALJ based on all relevant evidence." (Doc. 11 at 9 (citing 20 C.F.R. §§ 404.1545(a)(1), 404.1546(c)).) However, an ALJ is not permitted to render their own medical opinions or independently assess clinical findings in determining the RFC. *Tackett*, 180 F.3d at 1102–03 ("It is well-settled that an ALJ may not render [their] own medical opinion and is not empowered to independently assess clinical findings."); *Miller v. Astrue*, 695 F.Supp.2d 1042, 1048 (C.D. Cal. 2010) (concluding that an ALJ may not act as their own medical expert); *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("[the ALJ] must not succumb to the temptation to play doctor and make [their] own independent medical findings.")). Ninth Circuit courts have found that "barring a few exceptions, an ALJ must have a doctor's opinion of a claimant's functional capacity in order for there to be substantial evidence supporting the decisions." *Bradford v. Comm'r of Soc. Sec. Admin*., No. CV-21-00232-TUC-SHR (JR), 2022 WL 4538569, at *5 (D. Ariz. Aug. 18, 2022) (quoting *Howell v. Kijakazi*, No. 20-CV-2517-BLM, 2022 WL 2759090, at *7 (S.D. Cal. July 14, 2022)); *Walker v. Comm'r of Soc. Sec.*, Case No. 2:22-cv-01871-EJY, 2024 WL 64784, at *6 (D. Nev. Jan. 4, 2024) ("While the ALJ 'can pick and choose between opinions expressed by the experts,' when an ALJ decides severity or residual functional capacity 'without the support of any of the medical opinion evidence,' this is error.") (quoting *Holtan v. Kijakazi*, 2:22-cv-01222-VCF, 2023 WL 2424648, at *3 (D. Nev. Mar. 9, 2023)). When there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence, the ALJ has a duty to develop the record irrespective of whether the claimant is represented by counsel. *Ford*, 950 F.3d at 1156 (quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The absence of a medical opinion is not necessarily fatal, but the RFC determination still must be supported by substantial evidence. *Tackett*, 180 F.3d at 1102–03. This Court is mindful that the ALJ, not the court, is responsible for resolving conflicts in the evidence and that "[a]n ALJ's

duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 459–60. Further, an ALJ is not automatically obliged to order an independent evaluation or examination at the request of Plaintiff's representative. *See Pederson v. Colvin*, 31 F. Supp. 3d 1234, 1244 (E.D. Wash. 2014) ("[T]he Commissioner 'has broad latitude in ordering a consultative examination.'") (quoting *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001)). However, in this case, the ALJ was obliged to "exercise[] caution" because "no doctor or other medical expert opined, on the basis of a full review of all relevant records," that Plaintiff could perform full-time work during the relevant period, even with the limitations recognized by the ALJ. *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014) (holding that ALJ "should have exercised caution because "no doctor or other medical expert . . . opined, on the basis of a full review of all relevant records, that [Plaintiff] is capable of working or is prepared to return to work") (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)).

In fact, the only "opinions" in the record were that the evidence was insufficient to render an opinion and thus did not constitute opinion evidence at all. (AR 23–24.) It is therefore not entirely clear how the ALJ translated the medical evidence into an RFC. The treatment records do not provide sufficient indications of Plaintiff's functional limitations. They establish Plaintiff was assessed with "pneumonia" and "moderate asthma" (*see* AR 332) but do not indicate the functional limitations, if any, caused by such assessments. *See Hurt v. Kijakazi*, No. 3:20-CV-00481-CSD, 2022 WL 444355, at *9–10 (D. Nev. Feb. 14, 2022) ("When the 'medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities . . . [the] bare medical findings are unintelligible to a lay person in terms of residual functional capacity.'") (quoting *Rosado v. Sec'y of Health & Human Servs*., 807 F.2d 292, 293 (1st Cir. 1986)). The ALJ points out that an imaging study of Plaintiff's chest yielded results such as "multifocal right lung airspace opacities, enlarged mediastinal and right hilar lymph nodes, small right pleural effusion, large hiatus hernia, and moderate to severe bilateral centrilobular pulmonary emphysema" (*see* AR 23 (citing AR 336–37)), but again, it is not clear what, if any, functional limitations would result. *See Howell*, 2022 WL 2759090, at *7 (MRIs, radiological

studies, and X-rays "generally reflect only the findings, impressions, and medical diagnoses, which are difficult for a lay person to interpret.").

The ALJ was therefore required to obtain a medical expert's opinion to allow for a proper evaluation of Plaintiff's capabilities after concluding that she suffered from several severe impairments. *See Mack v. Saul*, No. 1:18-CV-01287-DAD-BAM, 2020 WL 2731032, at *2 (E.D. Cal. May 26, 2020) (duty to develop where the ALJ improperly determined RFC after considering MRIs and radiological studies absent any doctor's opinion regarding the effect on plaintiff's ability to work on a function-by-function basis); *see also Howell*, 2022 WL 2759090, at *10 ("Because the record was inadequate to establish Plaintiff's current function-by-function capabilities, the ALJ had a duty to further develop the record. His failure to do so was an error."). The ALJ did not do so here.

Without a medical expert's opinion to support the conclusion that Plaintiff can perform a range of medium work as described in the RFC, the RFC lacks the support of substantial evidence. *See Holtan*, 2023 WL 2424648, at *3 (finding that the ALJ erred primarily by simply summarizing the medical evidence without making it clear how the ALJ then translated that evidence into the RFC, noting that it was "particularly concerning because the ALJ did not rely on any of the medical opinions, <u>finding all of the medical opinions of record unpersuasive</u>.") (emphasis in original); *De Gutierrez v. Saul*, No. 1:19-cv-00463-BAM, 2020 WL 5701019, at *6 (E.D. Cal. Sept. 24, 2020) ("Without a medical opinion to support the conclusion that Plaintiff was able to perform" a certain level of work, lift and carry certain weight, or sit, stand or walk for certain periods of time, "the ALJ's RFC lacks the support of substantial evidence.") (citing *Perez v. Sec'y of Health & Human Servs.*, 958 F.2d 445, 446 (1st Cir. 1991) ("where an ALJ reaches conclusions about claimant's . . . capacity without any assessment of residual functional capacity by a physician, the ALJ's conclusions are not supported by substantial evidence")); *Shipp v. Colvin*, No. CV 13–9468 JC, 2014 WL 4829035, at *7 (C.D. Cal. Sept. 26, 2014) ("Since . . . the record contains no assessment by a treating or examining doctor regarding the effect of plaintiff's physical impairments on her ability to function, it appears that the ALJ's physical residual functional capacity assessment was erroneously based solely on the ALJ's own, lay interpretation of plaintiff's testimony and other raw

medical evidence in the record."); *see also Lorali N. T. v. Kijakazi*, Case No. 4:22-cv-00234-CWD, 2023 WL 3548221, at *10 (D. Idaho May 18, 2023) (collecting cases in the Ninth Circuit where courts routinely find error when an ALJ rejects all medical source opinions and formulates an RFC based on the ALJ's own interpretation of the medical record.).

**B. The ALJ's Error Was Harmful**

The Court must now consider whether the ALJ's error was harmless. *Molina*, 674 F.3d at 1115. Courts look at the record as a whole to determine whether the error alters the outcome of the case. *Id.*; *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015).

This Court finds this was harmful error necessitating remand. *Tommasetti*, 533 F.3d at 1038 (ALJ error is harmless if it is "inconsequential to the ultimate nondisability determination."). While the ALJ assessed an RFC restricting Plaintiff to medium work with "additional environmental limitations," it is still without supporting evidence. Had the ALJ included different or further limitations in the RFC based upon a proper review of the evidence and an adequate record, the ultimate disability determination may have been different.[6] *See Clarenda A. S. v. O'Malley*, No. 1:24-CV-00127-DKG, 2024 WL 4851214, at *5 (D. Idaho Nov. 21, 2024) (finding harmful error where the ALJ relied on her own interpretation of the medical records without any medical opinion of Plaintiff's physical functioning in formulating the RFC). Moreover, because the record "[did] not support the assumptions in the hypothetical[s]" posed to the VE, the hypotheticals were incomplete and therefore, the "vocational expert's opinion [had] no evidentiary value." *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001).

**C. Remand for Further Proceedings is Appropriate**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Here, the Court finds, and Plaintiff agrees

[6] This is not to say that the disability determination will or should be different, only that the Court cannot determine that the outcome will remain the same upon a correct evaluation of the record.

(Doc. 10 at 14), that remand for further proceedings is the proper remedy. *See Osborne v. Commissioner of Soc. Sec.*, No. 1:22-CV-01538-EPG, 2024 WL 1312202, at *5 (E.D. Cal. Mar. 27, 2024) (remanding for further proceedings where the ALJ relied on their own judgment in assessing the RFC without the support of any medical opinion evidence). On remand, the Commissioner shall further develop the record, as outlined above, to allow for proper consideration of the medical evidence.

**D. The Court Declines to Determine Plaintiff's Remaining Assertion of Error**

As the Court finds that remand is appropriate for further development of the record, the Court does not reach Plaintiff's additional assertion of error directed to her subjective symptom complaints, which were discounted because they were "not entirely consistent" with that underdeveloped record (AR 23). *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## V. CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is therefore VACATED, and the case is REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Sheena Castelanelli and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **October 27, 2026**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE